IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Everett Monroe, On Behalf of Himself and all Others Similarly Situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>VATM Concessions, LLC a/k/a Villa Azur,<br><br>　　　Defendant. | §<br>§<br>§<br>§<br>§　Civil Action No. 3:22-cv-1358<br>§<br>§　FLSA Collective Action<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Everett Monroe ("Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against VATM Concessions, LLC a/k/a Villa Azur ("Defendant"), showing in support as follows:

### I.　NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's unlawful keeping of tips received/earned by Plaintiff and the putative collective action members.

2. Plaintiff and the putative collective action members were employed by Defendant at Defendant's restaurant known as Villa Azur in Dallas.

3. Plaintiff and the putative collective action members were paid on an hourly basis by Defendant in addition to receiving tips.

4. On numerous occasions, at least one of Defendant's managers and/or supervisors kept tips that rightfully belonged to Plaintiff and the putative collective action members in violation of 29 U.S.C. § 203(m)(2)(B).

5. Plaintiff, on behalf of himself and all others similarly situated, seeks all damages available pursuant to the FLSA.

## II. THE PARTIES, JURISDICTION, AND VENUE

### A. Plaintiff Everett Monroe

6. Plaintiff is a natural person who resides in Dallas County, Texas. He has standing to file this lawsuit.

7. Plaintiff was employed by Defendant at its restaurant located at 2440 Victory Park Lane, Dallas, Texas 75219 relative to the claims made the basis of this lawsuit.

### B. Putative Collective Action Members

8. The putative collective action members are all current and/or former lawfully tipped employees of Defendant who work(ed) at Villa Azur in Dallas, and like Plaintiff, are and/or were subject to their supervisor(s) and/or manager(s) keeping any portion of their tips in violation of 29 U.S.C. § 203(m)(2)(B).

9. Because those putative collective action members have and/or had tips kept by their manager(s)/supervisor(s), Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

10. Plaintiff reserves the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion for conditional certification filed in this lawsuit.

### C. Defendant VATM Concessions, LLC a/k/a Villa Azur

11. Defendant is a domestic limited liability company.

12. During all times relevant, Defendant has done business in the State of Texas.

13. Defendant is registered with the Texas Secretary of State to conduct business operations in Texas.

14. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

15. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

16. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

17. For example, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include food, food preparation materials, utensils, non-alcoholic beverages, beverages containing alcohol, condiments, food and drink preparation equipment, food and drink service equipment, food and drink cleaning equipment, cleaning supplies, computers, and phones.

18. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

19. Defendant's principal place of business is 3100 Monticello Avenue, Suite 300, Dallas, Texas 75205.

20. Defendant may be served with summons through its registered agent, Mr. William L. Hutchinson, 3100 Monticello Avenue, Suite 300, Dallas, Texas 75205.

**D.    Jurisdiction and Venue**

21. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

22.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

23.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

24.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

25.     Venue is proper in this Court because Plaintiff was employed by Defendant in this District and Division and Defendant's principal place of business is located in this District and Division.

### III.     FACTUAL BACKGROUND

26.     Defendant owns and operates the Villa Azur restaurant located at 2440 Victory Park Lane, Dallas, Texas 75219.

27.     Plaintiff was employed by Defendant in connection with its Villa Azur restaurant business operations from approximately April 27, 2022 to approximately June 10, 2022.

28.     Plaintiff was a busser, food runner, and barback relative to his employment with Defendant.

29.     Defendant paid and/or attempted to pay Plaintiff pursuant to the FLSA's tip credit provisions. Plaintiff was paid on an hourly basis by Defendant and also received tips that were paid and/or provided by Defendant's customers.

30.     Plaintiff's hourly rate of pay relative to the FLSA tip credit relied on by Defendant was approximately $4.00 per hour.

31.     Plaintiff worked with numerous other tip-eligible employees of Defendant's at Villa Azur who are/were paid tips and/or paid on a tip credit basis.

32. Plaintiff's manager/supervisor Christian [last name currently unknown], who was employed by Defendant, kept tips that should have been paid/provided to Plaintiff and Plaintiff's tip eligible co-workers.

33. It is a violation of the FLSA for Defendant and/or Defendant's managers and/or supervisors to keep any portion of tips that rightfully belonged to Plaintiff and/or the putative collective action members.

### IV.   CONTROLLING LEGAL RULES

34. The FLSA states that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).

35. The FLSA provides that "[a]ny employer who violates [29 U.S.C. § 203(m)(2)(B)] shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Furthermore, an award of reasonable attorney's fees and costs shall be awarded to a prevailing plaintiff under the FLSA. *Id.*

### V.   PLAINTIFF'S CLAIMS

36. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

37. At all times relevant, Defendant is and/or has been an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

38. At all times relevant, Defendant is and/or has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

39. Plaintiff was an employee of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

40. The putative collective action members are and/or were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

41. Plaintiff was a covered employee under 29 U.S.C. § 203(m)(2)(B) and 29 U.S.C. § 206(a).

42. The putative collective action members are and/or were covered employees under 29 U.S.C. § 203(m)(2)(B) and 29 U.S.C. § 206(a).

43. Plaintiff and the putative collective action members received/earned tips in addition to receiving hourly pay from Defendant.

44. Defendant violated the FLSA because at least one of its management and/or supervisory level employees improperly kept tips received/earned by Plaintiff and the putative collective action members. 29 U.S.C. § 203(m)(2)(B).

45. Plaintiff and the putative collective action members seek all damages available for Defendant's violations of the FLSA.

## VI.   FLSA COLLECTIVE ACTION

46. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and/or former lawfully tipped employees of Defendant who work(ed) at Villa Azur in Dallas, and like Plaintiff, are and/or were subject to their supervisor(s) and/or manager(s) keeping any portion of their tips in violation of 29 U.S.C. § 203(m)(2)(B).

47. Because those putative collective action members have and/or had tips kept by their manager(s) and/or supervisor(s), Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

48. Plaintiff reserves the right to establish sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## VII.  JURY DEMAND

49. Plaintiff demands a jury trial.

## VIII.  DAMAGES AND PRAYER

50. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative collective action members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. An order certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members,

   b. All actual damages, statutory damages, and other damages allowed by the FLSA including liquidated damages,

   c. Reasonable legal fees,

   d. Costs,

   e. Post-judgment interest,

   f. All other relief to which Plaintiff and/or the putative collective action members is/are justly entitled.

Date: June 22, 2022.

Respectfully submitted,

By: s/ Allen R. Vaught
Allen R. Vaught
Attorney-In-Charge
TX Bar No. 24004966
Vaught Firm, LLC
1910 Pacific Ave., Suite 9150
Dallas, Texas 75201
(972) 707-7816 – Telephone
(972) 591-4564 – Facsimile
avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF